ESTATE of Zinaida BARY, Deceased, Woldemar A. Bary, Executor, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Woldemar A. BARY and Nina Bary, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nos. 46, 47, Dockets 30474, 30475.

United States Court of Appeals Second Circuit.

Argued Nov. 1, 1966.

Decided Nov. 17, 1966.

Eugene A. Wolkoff, New York City (Parnell J. T. Callahan, New York City, on the brief), for petitioners-appellants.

Robert H. Solomon, Atty., Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Washington, D. C., Attys., on the brief), for respondent-appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

PER CURIAM.

■ We agree with the opinion of the Tax Court, 24 CCH Tax Ct.Mem. 1790 (1965), that the Commissioner of Internal Revenue properly determined income tax deficiencies against the estate of Zinaida Bary of $15,207.23 and against her son Woldemar A. Bary and his wife, Nina, of $27,494. Petitioners failed to meet their burden of proving that when Zinaida died in 1940, there was any value at all attributable to the sole asset in her estate, a claim against the Soviet Union for confiscation of her assets there in 1918–1919. In the absence of any expert testimony as to the monetary worth of the claim, the Commissioner's finding of zero value, affirmed by the Tax Court, must be accepted. Burnet v. Houston, 283 U.S. 223, 228, 51 S.Ct. 413, 75 L.Ed. 991 (1931).

■■ Of course, no estate tax was payable since the estate's sole asset had no value in 1940. However, zero basis having been established, subsequent payment of $124,913.46 of the claim in 1959, pursuant to an award of the Foreign Claims Settlement Commission, resulted in income to Zinaida's estate. Helvering v. Roth, 115 F.2d 239, 241 (2d Cir. 1940). As the Tax Court correctly held, this was ordinary income since collection of the claim was not a sale or exchange of a capital asset. Graham v. Commissioner of Internal Revenue, 304 F.2d 707 (2d Cir. 1962). Disposition of the appeal by Zinaida's estate determines Woldemar and Nina Bary's appeal. The income distributed by the estate to Woldemar as sole beneficiary (and credited against the estate's income tax) retained its character as ordinary income; therefore, he and his wife, having filed a joint return, must also pay tax at the ordinary income rate.

Affirmed.